United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10914
Conference Calendar
_____

FRANCIS TEJANI KUNDRA,

                                    Plaintiff-Appellant,

versus

CATHERINE GOULD; CHIEF DISCIPLINARY COUNSEL; BOARD OF
DISCIPLINARY APPEALS; Judge KEITH DEAN,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-2518
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Francis Tejani Kundra, immigration detainee # A20661647,
moves for leave to proceed in forma pauperis (IFP) on appeal and
has filed a brief in support of his appeal.  Kundra challenges
the district court's dismissal of his 42 U.S.C. § 1983 claim
against Catherine Gould as frivolous.  The district court
certified that an appeal would not be taken in good faith.

    Kundra's IFP motion is construed as a challenge to the
district court's certification.  See Baugh v. Taylor, 117 F.3d

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

197, 202 (5th Cir. 1997). Kundra does not challenge the district court's determination that Gould was not a state actor and, therefore, that issue is abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Nor did the district court err in determining that Kundra may not bring an action against Gould pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), as a Bivens action requires that the defendant be a federal officer acting under color of federal law. See Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir. 1980).

Kundra has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted). Accordingly, the motion for leave to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Kundra's motion for appointment of counsel is also denied.

Kundra was previously warned that the filing or prosecution of frivolous appeals in the future may result in the imposition of sanctions. Kundra v. Austin, No. 06-10695 (5th Cir. Apr. 17, 2007). Despite this warning, Kundra persists in the prosecution of the instant frivolous appeal as well as the frivolous appeal in Kundra v. Court of Criminal Appeals of Texas, No. 06-10391. Therefore, it is ordered that Kundra pay one monetary sanction of $100 to the clerk of this court for both the instant case and

<u>Kundra v. Court of Criminal Appeals of Texas</u>, No. 06-10391.  The clerk of this court and the clerks of all federal courts within this circuit are directed to refuse to file any pro se civil complaint or appeal by Kundra unless Kundra submits proof of satisfaction of this sanction.  If Kundra attempts to file any further notices of appeal or original proceedings in this court without such proof the clerk will docket them for administrative purposes only.  Any other submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged.  Kundra is also cautioned that future frivolous filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION IMPOSED.